IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-01810-MSK-BNB

GAS DEVELOPMENT CORPORATION,

        Plaintiff,

v.

WILLIAM D. BLACK, and
BLACK RESOURCES, INC.,

        Defendants.
_____

**OPINION AND ORDER GRANTING MOTION TO REMAND**
_____

**THIS MATTER** comes before the Court pursuant to the Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies **(# 3)**, the Plaintiff's response **(# 5)**, and the Defendants' reply **(# 8)**; and the Plaintiff's Motion to Remand **(# 4)**, the Defendants' response **(#7)**, and the Plaintiff's reply **(# 9)**.

**FACTS**

According to the Amended Complaint, attached to the Defendants' Notice of Removal **(#1)**, since 1992, Defendant Black Resources Inc. ("Black Resources") has been the lessee on a natural gas well, referred to as the "Akin Well," on the property of John Akin. Although the Akin Well is capable of producing useable amounts of natural gas, the Defendants never connected the well to a pipeline or otherwise produced natural gas with it. In 1998, Akin singed a top lease with

1

Plaintiff Gas Development Corp. ("Gas Development") which lease was to take effect upon the invalidation, expiration, or termination of Black Resources' lease.

On February 4, 1998, Akin and Gas Development filed a lawsuit in the Colorado District Court for Montezuma County, seeking a declaration that the Black Resources lease had terminated. A jury ruled in favor of Akin and Gas Development; Black Resources appealed. The Colorado Court of Appeals declined to set aside the verdict, but remanded the case to the trial court to determine whether Black Resources should be given additional time to obtain production from the Akin Well. The precise scope of these subsequent proceedings is not clear from the Amended Complaint, but it appears that the trial court permitted Black Resources until May 31, 2002 to attempt to extract gas from the Akin Well.

The Amended Complaint contends that in 2000, the Defendants began harassing and threatening Akin and trespassing on his property rights, and Akin and Gas Development commenced a second lawsuit in Montezuma County. While that suit was pending, on or about May 31, 2002, the Montezuma County court entered a judgment deeming the Black Resources lease to be terminated. In January 2003, the parties settled the second lawsuit by means of a stipulation that provides that Black Resources "shall not enter upon the property . . . for any purpose." Gas Development now contends that the Defendants breached the agreement by trespassing onto the property in June or July 2005.

Gas Development then commenced this action in the Colorado District Court for Denver County. The Amended Complaint asserts seven causes of action, all of which are presumably asserted under Colorado law: (i) trespass; (ii) breach of contract, relating to the stipulation resolving the second lawsuit in Montezuma County; (iii) tortious interference with contract and/or

prospective advantage; (iv) conversion, in that the Defendants have exercised dominion over the drillsite and wellhead, which Gas Development claims as its property; (v) slander of title, insofar as the Defendants have asserted ownership rights to the Akin Well; (vi) an unspecified claim for injunctive relief, which appears to be a part of the prayer for relief, not a separate claim; and (vii) a claim entitled "Change of Ownership," which appears to request a declaration that Gas Development is the exclusive operator of the Akin Well and an order "appoint[ing Gas Development's] counsel as agent with full authority to sign on behalf of the Defendants any documents which allow [Gas Development] to be the exclusive operator" of the well.

The Defendants removed **(# 1)** the action to this Court, alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, the Defendants stated that the Akin Well has "expressly been committed and remain[s] committed to a federal exploratory oil and gas unit that is administered by the Bureau of Land Management." The Defendants contend that federal law preempts the claims asserted by Gas Development, specifically, the Mineral Leasing Act, 30 U.S.C. § 226(m), which vests authority in the Secretary of the Interior to regulate all leases involved in the exploratory unit.

The Defendants filed the instant Motion to Dismiss for Failure to Exhaust Administrative Remedies **(# 3)**, arguing that Gas Development's failure to commence unspecified "administrative proceedings before the BLM" requires dismissal of the action. Notably, the Defendants' motion fails to cite statutory or regulatory authority identifying the Administrative procedures Gas Development was allegedly required to follow. Gas Development responds **(#5)**, arguing that there are no such remedies to exhaust, and that the claims at issue here arise out of the Defendants' breach of the stipulation, not any federal order. Upon reply **(# 8)**, the Defendants

3

contend that the Administrative procedures in question arise from the Unit Area Agreement, which gives the BLM the authority to remove lands from the unit, and to approve changes in operators of wells committed to the area.

Gas Development filed the instant Motion to Remand **(# 4)**, arguing that: (i) for removal purposes, federal question jurisdiction must appear on the face of the Amended Complaint, and the Defendants' defenses, such as federal preemption, are not sufficient to support removal; (ii) Congress has not completely preempted state law claims involving the rights of parties to leases covering exploratory mining units; and (iii) upon cancellation of Black Resources' lease, the Akin Well was no longer committed to the exploratory unit, and thus, is no longer subject to federal oversight. In response **(# 7)**, the Defendants contend that preemption is a recognized exception to the rule that a federal question must appear on the face of the complaint. The Defendants' response does not address Gas Development's two other arguments: that the Mineral Leasing Act does not completely preempt state laws, and that the cancellation of the Black Resources lease effectively terminated the Akin Well's participation in the unit. Gas Development's reply **(# 9)** essentially reiterates its earlier arguments.

## ANALYSIS

### A. Standard of review

For purposes of the Motion to Remand, the party asserting the existence of subject matter jurisdiction– in this case, the Defendants – bears the burden of proving such jurisdiction exists. *Montoya v. Chao*, 269 F.3d 952, 955 (10th Cir. 2002); *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1289-90 (10th Cir. 2001). There is a presumption against removal, and thus, the

Court will presume that no jurisdiction exists absent an adequate showing by the Defendant.  *Id;  Karnes v. Boeing Co.*, 335 F.3d 1189, 1193, 1194 (10th Cir.2003).

### B.  Motion to Remand

Because the Motion to Remand implicates the Court's subject-matter jurisdiction directly, the Court will consider it first.  Generally, removal on federal question grounds is permitted only where the existence of a federal claim appears on the face of the "well-pleaded complaint."  *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003).  This inquiry focuses on what necessarily appears in the plaintiff's statement of its own claim, and does not involve consideration of defenses – such as federal preemption – that the defendant intends to assert.  *Id., citing Franchise Tax Board v. Construction Laborers Vacation Trust For Southern California*, 463 U.S. 1, 9-12 (1983).  The sole exception is where Congress has <u>completely</u> preempted state laws on a given issue, such that any purported state law claim is necessarily deemed to be federal in nature.  *Id.* at 8.

Complete preemption occurs when a federal statute wholly displaces state law causes of action relating to a particular issue.  *Id.* at 8.  The Supreme Court has found complete preemption where the federal statutes at issue provided an exclusive cause of action for certain types of claims and where the acts expressly set forth procedures and remedies governing that cause of action.  *Id.* at 8, *citing* 29 U.S.C. § 1132 (ERISA) *and* § 185 (LMRA).

However, the Court is not aware of, and the Defendants do not refer to, any authority for the proposition that the Mineral Leasing Act completely preempts state-law property- and contract-based claims relating to lands contained in exploratory units.  *See e.g. Chuska Energy Co. v. Mobile Exploration & Producing North America, Inc.*, 854 F2d 727, 731-32 (5th Cir.

1988) (finding that Indian Mineral Leasing Act, 25 U.S.C. § 396, although subjecting mineral leases on Indian land to the regulation of the Secretary of the Interior, did not completely preempt state-law claims for breach of assignment).  Unlike ERISA, which features an express Congressional dictate that it "shall supersede any and all State laws" governing employee benefit plans, 29 U.S.C. § 1144(a), and the LMRA, which has been interpreted by the Supreme Court to provide that "[a]ny state law . . . will be absorbed as federal law and will not be an independent source of private rights," *Textile Workers of America v. Lincoln Mills*, 353 U.S. 448, 457 (1957), there is no clear indication that, when enacting the Mineral Leasing Act, Congress sought to entirely supplant state-law rights with a new statutory cause of action and to provide procedures by which that new federal claim could be brought.  The mere fact that Congress has seen fit to provide for some regulation of mineral leases does not warrant the conclusion that it intended to fully occupy the field.  Rather, it is entirely reasonable to view the regulatory scheme created by the Act as supplementing, rather than supplanting, property and contract rights existing under state law.[1]  *Chuska*, 854 F.3d at 731.

In the absence of any authority for the proposition that the Mineral Leasing Act completely preempts state contract and property law relating to land subject to the Act, the Court finds that the Defendants have failed to carry their burden of establishing federal question jurisdiction.  Accordingly, Gas Development's Motion to Remand is granted.

---

[1]Indeed, one of the cases that the Defendants rely heavily upon, *Froholm v. Cox*, 934 F.2d 959, 961 (8th Cir. 1991), implicitly defeats their complete preemption argument.  In that case, lessees of oil wells claimed to have been defrauded into pooling their holdings into a single exploratory unit under the Mineral Leasing Act.  In considering the fraud claim, the court looked not to some special regulatory scheme created by the Act or to federal common law, but to the state law of North Dakota.

### C. Motion to Dismiss

Because the Court lacks subject-matter jurisdiction over this matter, it cannot consider the merits of the Defendants' Motion to Dismiss.

### CONCLUSION

For the foregoing reasons, Gas Development's Motion to Remand **(# 4)** is **GRANTED**. The Clerk of the Court shall transmit the entire case file to the Clerk of the Colorado District Court for Denver County, and upon such transmission, shall close this case.

Dated this 13th day of September, 2006

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge