IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Case No. 05-cv-01810-MSK-BNB

GAS DEVELOPMENT CORPORATION,

Plaintiff,

v.

WILLIAM D. BLACK, and
BLACK RESOURCES, INC.,

Defendants.

_____

**ORDER**
_____

This matter is before me on **Plaintiff's Request for Costs and Attorney Fees Pursuant to 28 U.S.C. § 1447(c)** [Doc. # 21, filed 9/19/2006] (the "*Motion for Attorney Fees*").  I held a hearing on the motion on October 26, 2006, and took the matter under advisement.  I now DENY the motion.

This case was commenced by the filing of a complaint in the state district court in Denver, Colorado.  It was removed to this court by the defendants on September 19, 2005.  The *Notice of Removal* [Doc. # 1, filed 9/19/2005] states the basis of removal as follows:

> Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. Section 1331 because this case involves a federal question and an area preempted by federal law.  This case concerns an oil and gas lease and well that have expressly been committed and remain committed to a federal exploratory oil and gas unit that is administered by the Bureau of Land Management.  The lease in question is between John Akin, as lessor, and Atlantic Richfield, as lessee.  On December 14, 1982, this lease and underlying lands were committed by John Akin and Atlantic Richfield to the Mary

> Akin Exploratory Federal Unit. The Akin Well, which is located on the Akin lease, forms the basis for the so-called Desert Creek participating Area. Black Resources has succeeded to Atlantic Richfield's interests in this lease and well and is the designated Operator of the Unit.
>
> \* \* \*
>
> A Federal question exists because legal issues relating to ownership and operation of oil and gas leases and wells that are within an existing federal exploratory unit are controlled by federal law, in particular by the Mineral Leasing Act of 1920 and accompanying regulations issued by the Bureau of Land Management. The Mineral Leasing Act specifically delegates to the Secretary of the Interior the exclusive authority to create, approve, alter, or modify federal exploratory unit areas. 30 U.S.C. Section 226(m). This authority expressly includes the Secretary's power to pool fee lands with lands owned by the United States to form the unit and to alter and regulate all leases committed to the Unit, including the right to allow the Unit Operator access of all lands committed to the Unit. See, *e.g.*, 30 U.S.C. Section 226(m). In accordance with this statute, "regulations have been promulgated directing the BLM (the Bureau of Land Management) to manage all aspects of said unit agreements. See 43 C.F.R. Sections 3180.0-1 -- 3183.7". *Froholm v. Cox*, 934 F.2d 959, 965 (8th Cir. 1991). Accordingly, federal law preempts state law as to the legal issues raised by this Complaint and, therefore, federal question jurisdiction exists for removal purposes. *Id*. See also *Panhandle Eastern Pipeline Co. v. State of Oklahoma*, 83 F.3d 1219 (10th Cir. 1996).

Id at ¶¶5, 9.

Without disputing that certain federal issues might arise in the case through the defendants' defenses, the plaintiff moved for remand based on the "well-pleaded complaint rule," arguing:

> Under the "well pleaded complaint rule," if there is no federal right or immunity alleged in the plaintiff's causes of action, then a federal court lacks subject matter jurisdiction and remand is appropriate.

*Plaintiff's Motion for Remand to State Court Based on Lack of Subject Matter Jurisdiction* [Doc. # 4, filed 10/4/2006] (the "*Motion to Remand*") at ¶7.  The complaint here asserts only state law claims--trespass; breach of contract; tortious interference with contract; conversion; slander of title; injunctive relief; and a declaration that defendants must "sign all documents necessary to allow [the plaintiff] to be the exclusive operator."  Id. at ¶10.  Because no federal claim is asserted in the complaint, the plaintiff argued, remand was necessary.

As the plaintiff recognizes, however, the complete preemption doctrine is an exception to the well-pleaded complaint rule, and allows a defendant to remove an action even where the complaint does not appear to assert a federal claim.  Complete preemption exists where "Congress intends not merely to preempt a certain amount of state law, but also intends to transfer jurisdiction of the subject matter from state to federal courts."  Sam L. Majors Jewelers v. ABX, Inc., 117 F.3d 922, 925 (7th Cir. 1993).  The defendant based removal here on a claim of complete preemption.  See *Notice of Removal* at ¶10.

In support of its assertion that removal was justified, the defendants relied on Froholm v. Cox, 934 F.2d 959 (8th Cir. 1991), arguing:

> In *Froholm v. Cox*, the Plaintiff filed an action in state court alleging that certain fee leases were obtained by fraud and the commitment of these leases to a federal oil and gas unit was done in bad faith.  The Defendant removed and the federal district court accepted the removal of the action, on the grounds that federal law controlled these issues relating to a federal oil and gas unit and noting that "regulations have been promulgated directing the BLM to manage all aspects of said unit agreements."
>
> \* \* \*
>
> In requesting the state court [in this case] to determine that the Plaintiff is the sole owner of the Akin Well and related rights to equipment and production and is the "exclusive operator" of this Well, the clear implication and consequence of the relief requested

> by Plaintiff is for a corresponding declaration that the participating area established by the BLM for the Akin Well, which includes not only the Akin Lease but, in addition, other federal leases owned by Black Resources, be terminated and modified to exclude all owners and acreage other than Plaintiff and its lease; that the federal exploratory unit area be contracted to exclude the lands previously committed by John Akin to the Unit; and that Black Resources no longer be considered and no longer have the right to act as Operator of the Akin Well. By federal law, these issues are delegated to the exclusive control of the Bureau of Land Management. . . .

*Defendants' Response In Opposition to Plaintiff's Motion for Remand* [Doc. # 7, filed 10/20/2005] (the "*Response to Motion to Remand*") at pp.7-8.

The Froholm case provides some support for the defendants' position, insofar as it holds that:

> Not only does the BLM have jurisdiction to revise participating areas, but it also has continuing jurisdiction to determine if a well which was initially classified as a unit well should be reclassified as a lease well.
>
>       \*   \*   \*
>
> Regarding federal exploratory units, Congress has specifically delegated the authority to approve, alter, or modify unit plans to the Secretary of the Interior. Pursuant to this statute, regulations have been promulgated directing the BLM to manage all aspects of said unit agreements. We believe the district court did not err in requiring appellants to pursue available administrative remedies.

Froholm, 934 F.2d at 964-65.

The district judge ultimately remanded the case, of course, ruling that there was no complete preemption in this area. *Opinion and Order Granting Motion to Remand* [Doc. # 19, filed 9/13/2006] at p.6. The ruling was based, at least in part, on a Fifth Circuit opinion which, significantly, the plaintiff did not cite in its *Motion to Remand*. The district judge also found that the Froholm case did not support the defendants' removal position because "[i]n considering the

4

fraud claim, the court looked not to some special regulatory scheme created by the [Mineral Leasing] Act or to federal common law, but to the state law of North Dakota." Id. at n.1.

Section 1447(c), 28 U.S.C., provides that an order remanding a removed case to state court "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has articulated the standard which I must apply in determining whether to award costs as follows:

> Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

Martin v. Franklin Capital Corp., __ U.S. __, 126 S. Ct. 704, 711 (2005).

The defendants stated that removal was based on the complete preemption doctrine, a recognized exception to the well-pleaded complaint rule; asserted that what was at issue here concerned matters related to the formation and operation of a federal exploratory unit; and argued that Congress has specifically delegated to the Secretary of the Interior the responsibility to manage all aspects of federal exploratory units. The defendants pointed to the Froholm case as apparent authority supporting removal. Although the defendants' position ultimately was found by the district judge to be incorrect, I cannot say that it "lacked an objectively reasonable basis."

IT IS ORDERED that the *Motion for Attorney Fees* is DENIED.

Dated October 27, 2006.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge